**GENERAL RAILWAY SIGNAL CO., Plaintiff,**

v.

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, Defendant.**

**Civ. A. No. 84–1717.**

United States District Court, District of Columbia.

May 29, 1985.

Paul L. Waldron, Washington, D.C., for plaintiff.

Robert J. Sciaroni, William B. Bircher, Robert L. Polk, WMATA, Washington, D.C., for defendant.

MEMORANDUM

GESELL, District Judge.

This contract dispute is again before the Court on plaintiff's motion for entry of judgment following completion of the Court's remand to the Army Corps of Engineers Board of Contract Appeals. The Court has considered the briefs of the parties and the entire record herein.

The dispute now is over the proper amount to be deducted as an equitable adjustment for the elimination of a specific

part of the work that General Railway Signal Co. (GRS) contracted to perform on defendant WMATA's subway system. On January 17, 1979, WMATA's contract officer set the deduction at $1,336,500, and that amount was withheld from progress payments to GRS. Pursuant to the disputes clause of the contract, the parties submitted the issue to the Army Corps of Engineers Board of Contract Appeals (the Board). The Board fixed the credit due WMATA at $1,403,325, and WMATA's general manager adopted that amount as his final decision on April 17, 1984.

On consideration of plaintiff's complaint to review the general manager's decision adopting the Board's recommendation, the Court on November 14, 1984 held that the Board's finding was not supported by substantial evidence and was erroneous as a matter of law. The Court then remanded the case to the Board "with direction to determine a reasonable *cost* estimate within 90 days, plus interest as provided by law." On January 30, 1985, the Court denied WMATA's motion to stay proceedings pending appeal and ordered the WMATA general manager to issue a decision within seven days of the Board's determination of the remand.

On March 29, 1985, the Board determined the amount of the credit at $360,548, although it declined to rule on the amount of interest to be added to that base amount.[1] In determining the reasonable cost of the deleted work, the Board used WMATA's own estimate of the cost with certain adjustments primarily for redundant work. The Board added standard percentage markups for indirect costs and profit to GRS and its subcontractor.

On April 5, 1985, the WMATA general manager rejected the March 29 Board decision and stated that his prior decision adopting the Board's first decision "is correct and the same ... is hereby restated and reaffirmed." The general manager made no findings of fact beyond readopting the Board's initial decision.

In its motion for entry of judgment, GRS asks the Court to reject the general manager's final decision as not based on substantial evidence and to adopt the March 29, 1985 Board decision with the addition of interest from the date in 1979 when the payments were withheld from GRS.[2] GRS thus seeks the difference between the amount withheld in 1979 and the amount that should have been withheld—that is, $1,336,500 minus $360,548, or $975,952—plus interest of $752,713.01. The interest figure is derived from the rates established by 26 U.S.C. § 6621, which are based on the average prime rate as determined by the Secretary of the Treasury.

In its opposition, WMATA contends the general manager's decision is entitled to affirmance because it was based on substantial evidence in the record.[3] It then proceeds to reargue at length the same

1. The Board indicated in its decision that "[t]he issue of the extent of WMATA's liability for interest in connection with equitable adjustments is now pending before various judges of the United States District Court for the District of Columbia in several cases. Therefore, the Board's determination of what interest is 'provided by law' must await further instructions from the Court on the criteria to be applied." Board decision at 11.

2. The WMATA contracting officer originally issued a final decision that $1,336,500 was the proper equitable adjustment in May 1977. After GRS noticed an appeal from this decision, the contracting officer made a superseding decision setting the adjustment provisionally at $400,000 pending further negotiations between the parties. The $400,000 was withheld as of this new decision in February 1978. Negotiations during the remainder of 1978 failed to settle the issue, and on January 17, 1979, the contracting officer finally decided that WMATA was entitled to an additional $936,500. That brought the equitable adjustment back to the original figure of $1,336,500.

3. WMATA is correct, of course, that the decision now before the Court for review is that of the general manager, not of the Board on remand. The Court in the first instance, and at the agreement of the parties, remanded the decision directly to the Board, rather than to the general manager, in recognition of the practicalities of the situation—the Board was the designated fact-finder for the general manager and the general manager had wholly adopted the Board's initial, erroneous decision as his own.

issues decided by the Court against WMATA in the Court's November 14, 1984 Memorandum. Since the Court already has decided that there was not substantial evidence supporting WMATA's view that a correct equitable adjustment was $1,403,325, and since the general manager has done nothing more than reject out of hand the Board's remand decision and rely entirely on the old decision, it is apparent that the new general manager's decision must be rejected.[4]

WMATA has presented no substantial reasons for rejecting the Board's decision on remand, which is in accord with the Court's view of the applicable law and was based on undisputable facts. Accordingly the Board's decision on remand is adopted as establishing the appropriate equitable adjustment for the cost of the deleted work, including profit and overhead. Thus GRS is entitled to $975,952 as reimbursement for the amount WMATA wrongfully withheld as of January 17, 1979 in excess of the proper equitable adjustment of $360,548.

The only remaining issue is GRS's entitlement to prejudgment interest on the excess withheld. WMATA argues that it is not obliged to pay any prejudgment interest and that if it is, the rate is limited to that set by D.C. Code § 28-3302. The parties have not informed the Court of the jurisdiction whose law governs this contract but seem to assume that the law of the District of Columbia controls. Since the District of Columbia is apparently where the contract was executed and was substantially performed, the Court determines its law to be applicable.

Prejudgment interest against a governmental entity like WMATA is allowable only when there is a statutory or contractual waiver of sovereign immunity for such interest. Waiver occurred here by virtue of the "equitable adjustment" language in the "Changes" clause of the contract.[5] Equitable adjustment is a term of art designed "to keep a contractor whole when the Government modifies a contract." *Bruce Construction Corp. v. United States*, 163 Ct.Cl. 97, 324 F.2d 516, 518 (1963). Prejudgment interest may be necessary to restore the contractor to the status quo prior to a change in the contract. Such is the case here. Moreover, the equitable adjustment provided for by the "Changes" clause does not exclude profits on a contractor's increased costs. *Compare Excavation Construction, Inc. v. WMATA*, Civil Action No. 83–1125, slip op. at 4–5 (D.D.C. Apr. 19, 1985).

GRS seeks interest from the date of the contracting officer's final decision to withhold $1,336,500, on January 17, 1979. However, because this was subject to administrative appeal, this did not become WMATA's final decision under Article 11, the disputes clause of the contract, until WMATA's board of directors acted through its designated representative, the WMATA general manager. That decision was rendered on April 17, 1984. There is no indication that this decision was unreasonably delayed so as to entitle GRS to interest from an earlier date. *See General Railway Signal Co. v. WMATA*, 664 F.2d 296 (D.C.Cir.1980) (per curiam). The Court concludes that prejudgment interest on the $975,952 is due to GRS as of April 17, 1984.

GRS argues that in waiving immunity as to interest in its contract, WMATA also waived the statutory limit of six percent in the District of Columbia "upon the loan ...

---

4. WMATA makes one new argument that is wholly frivolous and also must be rejected. It contends that even if $360,548 is a reasonable estimate of the cost of the deleted work, the equitable price reduction must nonetheless be $1,403,325 to avoid paying GRS overhead and profit on the deleted work. The legal principle that GRS should not receive a profit and overhead windfall on the deleted work is not in doubt. What WMATA ignores is that the Board expressly included an overhead and profit calcu-

lation in reaching the $360,548 figure. *See* Board Opinion of March 29, 1985, at 10–11.

5. Article 2, *Changes*, of the contract's general provisions provides in part that "[i]f any such change [ordered by the contracting officer] causes an increase or decrease in the cost of ... any part of the work under this contract ... an equitable adjustment shall be made in the contract price ... and the contract shall be modified in writing accordingly."

of money ... in the absence of expressed contract." D.C. Code § 28–3302(a) (1984 Supp.). The Court is of the view that this extends WMATA's waiver too far. The local code provision clearly was intended to make six percent the applicable rate unless the parties fixed some other rate. No such rate was fixed here. Therefore GRS is entitled to six percent interest on $975,952 from April 17, 1984 until the date of this Order. The Court calculates this interest amount at $65,455.63. Post-judgment interest will be fixed by D.C. Code § 28–3302(c) (1984 Supp.) (providing a rate 70 percent of that fixed by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621).

An appropriate Order is attached herewith.

### ORDER

Upon consideration of plaintiff's motion for entry of final judgment, defendant's opposition thereto, and the entire record herein, for reasons stated in an accompanying Memorandum, it is hereby

ORDERED that judgment is entered for plaintiff in the amount of $975,952 in principal and $65,455.63 in prejudgment interest, with postjudgment interest to be fixed at the rate set by D.C. Code § 28–3302(c) (1984 Supp.).